Matter of Janeudi D. (2021 NY Slip Op 03176)





Matter of Janeudi D.


2021 NY Slip Op 03176


Decided on May 19, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2020-05742
 (Docket Nos. D-5553-19, D-14240-19)

[*1]In the Matter of Janeudi D. (Anonymous), respondent; Suffolk County Department of Probation, appellant.


Dennis M. Cohen, County Attorney, Central Islip, NY (Alex J. Berkman of counsel), for appellant.
Laurette D. Mulry, Central Islip, NY (John B. Belmonte of counsel), for respondent.



DECISION & ORDER
In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the Suffolk County Department of Probation appeals from a permanency hearing order of the Family Court, Suffolk County (Paul M. Hensley, J.), dated July 27, 2020. The permanency hearing order, insofar as appealed from, directed the Suffolk County Department of Probation to install a GPS monitoring device on Janeudi D.
ORDERED the appeal is dismissed, without costs or disbursements.
The Family Court adjudicated the respondent a juvenile delinquent and, by order of disposition dated May 29, 2019, placed him on probation. The court subsequently found that the respondent had violated the terms of his probation, vacated the order of disposition, and placed him in the custody of the Commissioner of Social Services of Suffolk County for a period of up to 12 months. Ultimately, the Suffolk County Department of Social Services petitioned for a permanency hearing pursuant to Family Court Act article 3. Following the permanency hearing, in a permanency hearing order dated July 27, 2020, the court approved a permanency plan for the respondent with the goal of reunification with his mother by July 28, 2020. To finalize that plan, the court directed the Suffolk County Department of Probation (hereinafter the Department of Probation) to install a GPS monitoring device on the respondent and to file written weekly reports regarding his compliance with his curfew. The Department of Probation appeals. In an order dated September 24, 2020, the court directed the Department of Probation to remove the GPS monitoring device.
"It is a fundamental principle of our jurisprudence that the power of a court to declare the law only arises out of, and is limited to, determining the rights of persons which are actually controverted in a particular case pending before the tribunal" (Matter of Hearst Corp. v Clyne, 50 NY2d 707, 713). "This principle, which forbids courts to pass on academic, hypothetical, moot, or otherwise abstract questions, is founded both in constitutional separation-of-powers doctrine, and in methodological strictures which inhere in the decisional process of a common-law judiciary" (id. at 713-714). "Put another way, because courts are not in the business of issuing advisory opinions, they generally will refrain from deciding the merits of a matter unless an adjudication of the merits will result in immediate and practical consequences to the parties" (Matter of Elizabeth C. [Omar C.], 156 AD3d 193, 199 [internal quotation marks omitted]). An exception to this doctrine applies [*2]"where the circumstances of a case evince an overarching public interest in its adjudication, including (1) a likelihood of repetition, either between the parties or among other members of the public; (2) a phenomenon typically evading review; and (3) a showing of significant or important questions not previously passed on, i.e., substantial and novel issues" (id. at 201 [internal quotation marks omitted]).
Here, the Department of Probation's appeal is academic. Since the Family Court directed the Department of Probation to remove the GPS monitoring device in September 2020 and the respondent's placement expired in October 2020, any modification to the directive that the Department of Probation conduct GPS monitoring will have no "immediate and practical consequences to the parties" (id. at 199 [internal quotation marks omitted]).
Moreover, the exception to the mootness doctrine does not apply. Although the issue raised on this appeal may evade appellate review, there has been no showing that the issue is likely to repeat or that it is substantial and novel (see id. at 201). Accordingly, there is no "overarching public interest in its adjudication" (id.), and we dismiss the appeal as academic.
DILLON, J.P., MILLER, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court